Wyly, J.
Plaintiff, holding a special mortgage and vendor’s privilege on the plantation of the defendant, to secure her claim of $36,589 35, foreclosed the same and caused the mortgaged premises and all the accessories and appurtenances to be advertised for sale on the seventh of March, 1874.
John Chaffe, Bro. & Son, claiming to be subrogated to the claims of the overseer and the laborers on said plantation, during the year 1873, amounting in the aggregate to $5117 83, filed a third opposition a few days before the sale, praying to be decreed to have a privilege for the amount of their claim, on the seed cane, hay, corn, and fodder raised on said plantation during the year 1873, together with the mules, farming implements, and other movables attached to said plantation, and praying that said property be appraised separately, and that they be paid out of the proceeds thereof, in preference to plaintiff. The property was appraised separately and sold with the plantation to plaintiff for $26,350. Subsequently to wit: on the twenty-first July, 1874, the opponents filed a supplemental petition setting up a privilege as furnishers of- seed cane for the crop of 1873, praying judgment for the amount of this claim, $3000, with privilege on the seed cane, hay, corn, and fodder on the plantation at the time of the seizure, superior to the *276 mortgage of plaintiff. The court gave judgment for plaintiff, and the third opponents have appealed.
In regard to the claim for furnishing seed cane for the year 1873, the record shows no privilege on account thereof. True it is, the defendant made a transfer on the seventeenth February, 1873, of the seed cane of the crop of 1872, to the third opponents, in settlement of a balance due by him to them for advances for the year 1872, aDd on the same day the third opponents retransferred the same seed cane to the vendor for three thousand dollars, taking his note therefor. This was a mere paper transfer. No delivery occurred or could occur, because the evidence shows that the cane had already been planted, and was an immovable. Besides, the contract was not registered in the parish where tlie property was on the day it was made; consequently, no right was acquired superior to plaintiff’s existing mortgage on the property, which was immovable by destination. There are several reasons why the privileges of the overseer and laborers, set up by third opponents as subrogees have no preference over the prior mortgage claim of the plaintiff, the most important being evidence of said privileges was not recorded in the parish where the property is situated on the day the contracts out of which they arose were entered into. Revised Code 3274; see also Bank of America v. Septime Fortier, Edward J. Gay & Co., third opponents, lately decided, and authorities there cited.
Judgment affirmed.
Rehearing refused.